# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARCUS CHRISTIAN, ) | |
|     Movant, ) | |
| ) | |
| v. ) | No. 2:21-cv-02466-SHL-atc |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

## ORDER SETTING EVIDENTIARY HEARING

Before the Court are Movant Marcus Christian's[1] pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1), filed July 12, 2021, the Government's response (ECF No. 6), filed August 18, 2021, and Christian's reply (ECF No. 7), filed August 31, 2021.  Because there are factual discrepancies about whether Chistian directly requested that his defense counsel file a notice of appeal, the Court must conduct an **evidentiary hearing**.  In order to proceed, however, Christian is **ORDERED** to file an in forma pauperis affidavit and a copy of his inmate trust fund account statement within **twenty-eight days** of the entry of this Order.  If he does so, an attorney will be appointed to represent him and a hearing will be set by separate order.

## BACKGROUND

On January 3, 2020, Christian pled guilty to knowingly possessing a firearm during and in relation to a drug trafficking crime.  (No. 2:19-cr-20272, ECF No. 30.)  He was a career offender with at least two prior felony convictions, and his guideline range for sentencing was

---

[1] When Christian, Federal Bureau of Prisons Register Number 31707-076, filed his § 2255 motion, he was confined at the Federal Correctional Institute ("FCI") Memphis in Memphis, TN.  (ECF No. 1 at PageID 1.)   Christian is presently assigned to FCI Forrest City Medium in Forrest City, AR.  See Federal Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last visited Aug. 14, 2024).

262 to 327 months imprisonment. (ECF No. 6 at PageID 29.) On June 11, 2020, he was sentenced to "130 MONTHS incarceration to be served concurrent with any anticipated undischarged sentence in Shelby County Criminal Court Docket # 19-03481." (No. 2:19-cr-20272, ECF No. 44 at PageID 153.) Judgment was entered on June 15, 2020. (Id.)

According to Christian, he placed his § 2255 motion in the prison mailing system on June 8, 2021, (ECF No. 1 at PageID 13), but it was not filed with this Court until July 12, 2021. (ECF No. 1.) He argues that he was denied effective assistance of counsel because defense counsel failed "to timely file a notice of appeal when specifically requested to do so by the Movant via Postal Mail Correspondance [sic] and Verbal[ly]." (ECF No. 1 at PageID 4.) In his sworn affidavit, Christian states that he "personally addressed Defense Counsel with my intentions on filing a direct appeal verbally" on the day of his sentencing. (ECF No. 5 at PageID 24.) He also avers that four days after his verbal statement, he wrote "a letter to Defense Counsel Kafahni Nkrumah addressing the material facts that I wanted incorporated into my appeal brief." (Id. at PageID 24.) Then, on September 28, 2020, he wrote another letter to his counsel to ask "for a status update and to inform him that I had been transferred to FCI Memphis located in Memphis, Tennessee." (Id.)

Defense counsel's declaration stated that "Mr. Christian never gave instructions to me, or anyone in my office, to file a notice of appeal on his behalf during the time period allotted to file a timely notice of appeal." (ECF No. 6-1 at PageID 37.) However, Christian was told that "he could file an appeal with the form contained in the appeal packet provided to him by the Court at the sentencing hearing. The packet contained instructions on how he could file a notice of appeal himself if he wanted to do so." (Id. at PageID 36–37.) Importantly, defense counsel also noted that "Mr. Christian mentioned the possibility of appealing the sentence" on the day of

sentencing.  (Id. at PageID 36.)

## ANALYSIS

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).  The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence.  Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

Here, Christian's § 2255 motion alleges an error of constitutional magnitude, specifically that his counsel failed "to timely file a notice of appeal when specifically requested to do so by the Movant." (ECF No. 1 at PageID 4.)

### I.     Timeliness of Filing

Twenty-eight U.S.C. § 2255(f) provides that "[a] 1-year period of limitation shall apply to a motion under this section." In most cases, the § 2255 limitations period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).  Where, as here, a prisoner does not take a direct appeal, "an unappealed district court judgment of conviction becomes 'final' [fourteen] days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable

3

neglect." Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004) (footnote omitted).

Here, judgment was entered on June 15, 2020.  (No. 2:19-cr-20272, ECF No. 43.)  The deadline to file a notice of appeal expired fourteen days later on June 29, 2020, at which time the § 2255 statute of limitations period began.  Christian declared under penalty of perjury that his § 2255 motion was placed in the prison mailing system on June 8, 2021, (ECF No. 1 at PageID 13), but it was not filed with this Court until July 12, 2021.  (ECF No. 1.)  Under the mailbox rule, which acknowledges that certain notices and filings like § 2255 motions are "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk," Houston v. Lack, 487 U.S. 266, 276 (1988), because "pro se prisoners cannot personally travel to the courthouse" or "place the [filing] directly into the hands of the United States Postal Service," id. at 270–72, Christian's motion was filed as of June 8, 2021, falling within the one-year statute of limitations.  Thus, his filing is timely.

## II.     Ineffective Assistance of Counsel Claim for Failing to File Direct Appeal

A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the two-pronged standard of Strickland v. Washington, 466 U.S. 668 (1984).  First, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness."  Id. at 688.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance.  [Strickland, 466 U.S.] at 689.  The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id., at 687.

Harrington v. Richter, 562 U.S. 86, 104 (2011).  Second, a movant must show that his counsel's deficient performance prejudiced the case.  Strickland, 466 U.S. at 687.

4

"[T]he failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment." Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998). Consistent with Roe v. Flores–Ortega, 528 U.S. 470, 477–78 (2000), the Sixth Circuit specified that such a violation occurs "without regard to the probability of success on appeal" because such a failure on the attorney's part deprives the defendant of any counsel for purposes of the Strickland analysis, and "[p]rejudice must be presumed." Ludwig, 162 F.3d at 459; Campbell v. United States, 686 F.3d 353, 358 (6th Cir. 2012). Even with a frivolous appeal, an attorney's obligations to the client do not end when the guilty plea is entered. Id. at 358. Furthermore, "even when a defendant waives . . . his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." Id. at 360.

To prevail on a claim that counsel was ineffective for failing to file a direct appeal, a defendant must demonstrate that counsel either disregarded his specific instructions to file a notice of appeal or failed to consult him about an appeal. Nix v. United States, No. 20-6218, 2022 WL 815539, at *2 (6th Cir. Mar. 15, 2022). Prejudice is presumed when counsel disregards express instructions to file a notice of appeal even when the defendant's plea agreement contains an appeal waiver. Id. (citing Garza v. Idaho, 139 S. Ct. 738, 749–50 (2019)).

Here, Christian avers that he "personally addressed Defense Counsel with my intentions on filing a direct appeal verbally" on the day of his sentencing. (ECF No. 5 at PageID 24.) He also contends that, within his fourteen-day window to file a notice of appeal, he wrote "a letter to Defense Counsel Kafahni Nkrumah addressing the material facts that I wanted incorporated into my appeal brief." (Id. at PageID 24.) Then, on September 28, 2020, he wrote another letter to

5

his counsel to ask "for a status update and to inform him that I had been transferred to FCI Memphis located in Memphis, Tennessee." (Id.)

Defense counsel, on the other hand, states that "Mr. Christian never gave instructions to me, or anyone in my office, to file a notice of appeal on his behalf during the time period allotted to file a timely notice of appeal." (ECF No. 6-1 at PageID 37.) However, Christian was instructed that "he could file an appeal with the form contained in the appeal packet provided to him by the Court at the sentencing hearing. The packet contained instructions on how he could file a notice of appeal himself if he wanted to do so." (Id. at PageID 36–37.) However, defense counsel also noted that "Mr. Christian mentioned the possibility of appealing the sentence" on the day of sentencing. (Id. at PageID 36.)

There are conflicting accounts about whether Christian directly asked his counsel to file a notice of appeal, and an evidentiary hearing "'is required unless the record conclusively shows that petitioner is entitled to no relief.'" Campbell, 686 F.3d at 357 (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). In Campbell, the district court denied Campbell's § 2255 motion "[w]ithout conducting an evidentiary hearing to answer the factual question presented by Campbell's allegations—namely, whether Campbell did, in fact, unequivocally instruct his attorney to file an appeal on his behalf . . . ." Campbell, 686 F.3d at 355. The Sixth Circuit remanded the case so that the district court could hold "an evidentiary hearing to determine whether Campbell directed his attorney to file a notice of appeal on his behalf" even when the defendant had waived much or all of his appellate rights via a plea agreement and had a low chance of success. Campbell, 686 F.3d at 360.

Because it is not clear from the record whether Christian instructed his counsel to file an appeal, an **evidentiary hearing** is required so the Court can determine whether an appeal was

6

explicitly requested.

Pursuant to Rule 8(c) of the § 2255 Rules, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Christian is **ORDERED** to file an in forma pauperis affidavit and a copy of his inmate trust fund account statement within **twenty-eight days** of the entry of this Order.  If he does so, a lawyer will be appointed to represent him and an evidentiary hearing will be set by separate order.

**IT IS SO ORDERED**, this 26th day of August, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE