IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARCUS CHRISTIAN, | ) |
| Movant, | ) |
| | ) |
| v. | )   No. 2:21-cv-02466-SHL-atc |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER VACATING ORDER DISMISSING MOTION UNDER 28 § U.S.C. 2255, VACATING JUDGMENT, GRANTING MOVANT'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, APPOINTING COUNSEL, AND SETTING EVIDENTIARY HEARING**

Before the Court is Movant Marcus Christian's post-judgment Application to Proceed in District Court Without Prepaying Fees or Costs, filed October 7, 2024. (ECF No. 11.) On August 26, 2024, the Court ordered Christian to file an application to proceed in forma pauperis and a copy of his inmate trust fund account statement by September 23, 2024. (ECF No. 8 at PageID 44.) That deadline lapsed. Recognizing the potential for an inadvertent delay, the Court waited an extra week to see if Christian would file the requested documents. They did not arrive.

Without the documents necessary to proceed forward, the Court had to assume that Christian abandoned this matter, and it dismissed his Motion under 28 U.S.C. § 2255 without prejudice on September 30, 2024. (ECF No. 9 at PageID 51–52.) One week later, Christian's application arrived. (ECF No. 11 at PageID 54.) It appears from Christian's filing that his application was in the mail on the date of dismissal. (ECF No. 11-2 at PageID 62.) He signed his application on September 20, 2024, ten days before it was processed and sent to the Court by Federal Correctional Institute, Forrest City. (ECF No. 11 at PageID 55–57; ECF No. 11-1 at PageID 58; ECF No. 11-2 at PageID 62.)

Because it is apparent that Christian has not abandoned this matter, and there being no

indication of intentional delay, the Court **VACATES** its order dismissing his motion and the judgment entered on September 30, 2024 (ECF No. 9, 10).  The Clerk's Office is **DIRECTED** to reopen this matter.  The Court will now consider the merits of Christian's application.

Christian's § 2255 motion involves a factual dispute that requires an evidentiary hearing. (ECF No. 8 at PageID 44.)  Under Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  A movant seeking relief under § 2255 qualifies for the appointment of counsel whenever he is "financially eligible" and "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(b).  The interests of justice always require the appointment of counsel for an indigent defendant at an evidentiary hearing under § 2255.  Young v. United States, No. 15–4063, 2017 WL 4358942, at *2 (6th Cir. Feb. 28, 2017).

Christian's application and his inmate trust fund account statement both indicate that he cannot afford counsel.  (See ECF No. 11.)  Thus, his application is **GRANTED** and the Court **APPOINTS** Christopher B. Sullivan to represent him at the evidentiary hearing.[1]  The Court also **SETS** Christian's § 2255 motion for an **EVIDENTIARY HEARING** on January 17, 2025, at 9:30 a.m.

**IT IS SO ORDERED**, this 10th day of October, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because Christian alleges that an Assistant Federal Public Defender rendered ineffective assistance (ECF No. 1), the Court will not appoint another AFPD to represent him at the hearing to avoid any potential conflict of interest.